UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 11-40015-FDS |
| | ) |
| THOMAS A. DONAHUE, | ) |
| | ) |
| Defendant. | ) |

### PRELIMINARY ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on April 27, 2011, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging defendant Thomas A. Donahue (the "Defendant") with Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b) (Count One); Production of Child Pornography in violation of 18 U.S.C. § 2251(a) (Count Two); Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Three); and Commission of a Felony Sex Crime involving a Minor while being Required to Register as a Sex Offender in violation of 18 U.S.C. § 2260A (Count Four);[1]

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253(a), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offenses set forth in Counts One through Three of the Indictment, of any matter which contains visual depictions produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of

---

[1] The government has agreed to dismiss Count Four against the Defendant following the imposition of sentence at the sentencing hearing.

1

the said violations; and any property, real or personal, used or intended to be used to commit or to promote the commission of the violations or any property traceable to such property, including the computers and related items that law enforcement officials seized from the Defendant's residence in Ayer, Massachusetts on February 24, 2011;

WHEREAS, on February 24, 2012, the following properties were seized from the Defendant's residence:

    a.    one Gateway laptop computer, bearing serial number T3C75H1025151 and model number MT6840; and

    b.    one Firelite hard drive, bearing serial number 1H7X1S and model number USBFLB120, and related peripherals

(collectively, the "Properties");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b);

WHEREAS, on October 3, 2012, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Indictment, pursuant to a written plea agreement the defendant signed on October 2, 2012;

WHEREAS, in Section 9 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they contain visual depictions produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110; constitute or are traceable to gross profits or other proceeds the Defendant obtained as a result of the said violations; and/or were used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the Defendant consented to the forfeiture of all of his interests in the Properties; and

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the Properties and the offense to which the Defendant pled guilty.

2. Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United

States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal

Procedure, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Date: 1.11.2013

F. Dennis Saylor, IV
United States District Judge